United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41701
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN CARLOS DIAZ-MARQUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1164-ALL
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

     Juan Carlos Diaz-Marquez (Diaz) appeals his 58-month
sentence for having entered the United States illegally after
deportation, in violation of 8 U.S.C. § 1326(a) and (b).  Diaz
contends that his sentence must be vacated and his case remanded
for resentencing because the district court committed reversible
error by sentencing him pursuant to a mandatory Sentencing
Guidelines regime, in light of United States v. Booker, 543 U.S.
220 (2005).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's sentence pursuant to a mandatory guideline scheme constitutes Fanfan error. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). The Government thus bears the burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory only. See id. at 464-65. If the Government cannot show that the error was harmless, we ordinarily will vacate and remand for resentencing. Id. at 463.

The sentencing transcript does not reveal whether the district court would have imposed the same sentence had the Guidelines been advisory. Because the Government cannot meet its burden, we vacate Diaz's sentence and remand the case for resentencing. See id. at 464-66.

Diaz also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated-felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury, on authority of Apprendi v. New Jersey, 530 U.S. 466 (2000). Diaz's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Diaz contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.),

cert. denied, 126 S. Ct. 298 (2005). Diaz properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Diaz's conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.